**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN MICHAEL ST. CLAIR,** | ) | **CASE NO. 1:23CV2379** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court on Plaintiff's Objections (ECF DKT #15) to the

Magistrate Judge's Report and Recommendation (ECF DKT #14), which recommended the

Court affirm the decision to deny Plaintiff's claims for Supplemental Security Income ("SSI").

For the following reasons, the Court ADOPTS the Report and Recommendation and AFFIRMS

the Commissioner's decision.

**I. BACKGROUND**

The following is a procedural synopsis of Plaintiff's claims.  The Magistrate Judge's

Report and Recommendation provides a more complete and detailed discussion of the

facts.  For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report

and Recommendation, which refers to the original Complaint and incorporates all documents in

relation to Plaintiff's claim.

Plaintiff was found disabled under Title XVI of the Social Security Act on July 9, 2014,

and was awarded SSI benefits beginning April 6, 2013.  On October 2, 2018, an Administrative

Law Judge ("ALJ") terminated the benefits as of July 3, 2018, after determining that there had

been medical improvement and that Plaintiff was no longer disabled.

The current matter involves Plaintiff's claim for SSI, alleging a disability onset date of April 6, 2013.  He alleged disability due to blood clots, epilepsy, arthritis, circulatory issues, scoliosis, sciatica, diabetes type 2, visual impairment ADD, cellulitis, depression, deteriorating knees, breathing problems, memory problems and COPD.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff requested a hearing before an ALJ, which was granted.  The ALJ held a hearing on December 20, 2022.  Both Plaintiff and a neutral vocational expert testified at the hearing.  On January 31, 2023, the ALJ concluded that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.

On December 13, 2023, Plaintiff timely filed the instant Complaint challenging the Commissioner's final decision.  (ECF DKT #1).  On June 21, 2024, the Magistrate Judge issued the Report and Recommendation.  (ECF DKT #14).  On July 3, 2024, Plaintiff timely objected to the Report and Recommendation.  (ECF DKT #15).  Defendant filed a brief response shortly thereafter.  (ECF DKT #16).

Plaintiff contends that the ALJ's decision must be vacated for legal error due to his failure to explain the rejection of opined mental limitations in the manner required under 20 C.F.R § 416.920c.  Plaintiff argues that the ALJ failed to explain how the medical opinions, which find Plaintiff with greater limitations than those reflected in the ALJ's assessment, were purportedly inconsistent with evidence in the record.  Plaintiff insists that the ALJ's failure to meet the minimum level of articulation frustrates the Court's ability to properly review the Commissioner's final decision.

## II. LAW AND ANALYSIS

### Standard of Review

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b), which requires a de novo decision as to those portions of the report and recommendation to which objection is made.  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision.  42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2010).  "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence nor to decide questions of credibility.  *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  Nor need the reviewing court

necessarily agree with the Commissioner's determination in order to affirm it.  "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence."  *Kyle*, 609 F.3d at 854-55.  This is true even if substantial evidence also supports the claimant's position.  See *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Even when there is substantial evidence however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).  Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'"  *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011).

Effective March 27, 2017, the "treating physician rule" was eliminated when the Social Security Administration revised the rules and regulations applicable to the evaluation of medical evidence for claims filed on or after that date.  See <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 FR 5844-01; see also, 20 C.F.R. § 404.1520c ("For claims filed (see § 404.614) on or after March 27, 2017, the rules in this section apply.  For claims filed before March 27, 2017, the rules in § 404.1527 apply.").  Because Plaintiff's claims were filed after March 27, 2017, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to his claims.

The new regulations provide that the Commissioner will "not defer or give any specific

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources."  20 C.F.R. § 404.1520c(a).  Rather, the Commissioner will consider "how persuasive" the medical opinion is.  20 C.F.R. § 404.1520c(b).

In determining the persuasiveness of a medical opinion, the ALJ considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, and examining relationship, (4) specialization and (5) other factors that tend to support or contradict a medical opinion.  20 C.F.R. § 404.1520c(c)(1)-(5).  The most important factors the ALJ must consider are supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."  20 C.F.R. § 404.1520c(c)(1).  Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . ."  20 C.F.R. § 404.1520c(c)(2).

The ALJ is required to "explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the written decision.  20 C.F.R. § 404.1520c(b)(2).  Conversely, the ALJ "may, but [is] not required to, explain" how he/she considered the relationship, specialization, and other factors set forth in paragraphs (c)(3) through (c)(5) of the regulation.  *Id*.

**<u>Relevant Medical Evidence</u>**

Plaintiff objects to the ALJ's failure to clearly articulate his rejection of Plaintiff's severe mental limitations as required by 20 C.F.R. § 416.920c; so, the Court will focus its review accordingly.

On March 24, 2022, Plaintiff participated in a virtual video evaluation with Andrea VanEstenberg, Ph.D.  (Transcript, ECF DKT #7 at 332-337).  No psychological testing was performed during this evaluation, as this was a mental status examination only.

Plaintiff reported:  "I've been told I have schizophrenia, but I'm not diagnosed. I'm street-smart, but I'm not book-smart."  Plaintiff lives with his roommates.  He relates a family history of mental health issues and that he required special education services when he was young.  Plaintiff is not currently receiving mental health services but is interested in starting them.  According to VanEstenberg's notes, Plaintiff presented as appropriate, pleasant, and cooperative.  VanEstenberg makes the assessment that Plaintiff is capable of comprehending and completing simple routine tasks, but may have difficulty with more complex tasks.  His level of cognitive functioning is not expected to cause difficulties with his abilities to understand and follow basic directives and routine.  In a work setting, VanEstenberg opines that Plaintiff does not appear to be limited in his ability to respond to typical and expected work stressors in a more solitary setting with simplistic, repetitive tasks.  VanEstenberg concludes that Plaintiff's ability to withstand the stress and pressures associated with day-to-day basic work activity would not be compromised in an isolated position with simplistic, repetitive tasks.

On April 3, 2022, a state agency psychologist, Robyn Murry-Hoffman, reviewed Plaintiff's conditions.  (Transcript, ECF DKT #7 at 100).  Dr. Murry-Hoffman finds:  Plaintiff

does not do well with authority and gets mouthy if he feels talked down to or threatened.

Plaintiff does not like being told what to do and he has anger and temper issues.  Plaintiff suffers

with impacts on memory, task completion, concentration, understanding and getting along with

others.  He needs written instructions explained to him.  He does well with spoken instructions

unless it is something he does not want to do.  Plaintiff can handle changes in routine as long as

these things are not stressful.  Plaintiff can interact superficially with others; but would need to

work in a solitary setting or with a few coworkers.  When new tasks are involved, supervision

would be necessary.  Murry-Hoffman concludes that Plaintiff would not have issues handling

stress, but only if he is in an isolated position.

On June 27, 2022, at the agency reconsideration stage, state agency reviewing

psychologist Audrey Todd, Ph.D. found that there is not enough medical evidence in the file to

document the severity of Plaintiff's conditions.  Therefore, the evidence is insufficient for a

decision.  (Transcript, ECF DKT #7 at 107).

**<u>Administrative Hearing Evidence</u>**

At the hearing held on December 20, 2022 (Transcript, ECF DKT #7 at 44, *et seq*.),

Plaintiff testified under oath about his physical and mental limitations.  In relevant part, he

testified that his anxiety makes it hard to be around people and that leaving the house causes him

to feel paranoid.  Plaintiff described that he finds and cleans items from the trash and sells them

online.  Plaintiff also indicated that he lives with friends, shops, plays video games and watches

television.

In response to the ALJ's initial hypothetical, the vocational expert testified that there

were jobs in the national economy that such an individual could perform.  For instance, machine

packager, hospital cleaner and grounds keeper.  However, if the individual would be unable to

interact with supervisors, co-workers or the public, there would be no unskilled jobs that would

fit those restrictions.

**The ALJ Decision**

In his decision of January 31, 2023, the ALJ found that Plaintiff has no past relevant

work.  Plaintiff does not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  Plaintiff has not been under a

disability since the date of his application.  The ALJ made the following relevant finding on

residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that
> the claimant has the residual functional capacity to perform light work as
> defined in 20 C.F.R. 416.967(b)except the claimant can occasionally use
> ramps and stairs but can never use ladders, ropes or scaffolds; can frequently
> balance; can occasionally kneel, stoop, crouch and crawl; can never operate
> a motor vehicle during the course of a workday and can never have exposure
> to hazards such as heights and machinery but could ordinary hazards such
> as boxes on the floor, doors ajar, and approaching people or vehicles; **can
> perform in no more than a static work environment and can tolerate few
> changes in a routine work setting and when said changes do occur, any job
> duties would need explained in advance; can perform no more than simple
> tasks; can perform no more than routine and repetitive tasks; can have no
> more than occasional, superficial interactions with the public ("superficial"
> means that if a member of the public were to approach and ask directions to
> the nearest restroom, the claimant could provide that information but that
> would be the extent of the interaction); and never perform at a production
> rate pace (e.g. assembly-line work)but can perform goal-oriented work (e.g.
> office cleaner).**

(Emphasis added).

The ALJ explained that the objective information gathered at the Plaintiff's consultative

examinations does not support the alleged level of limitation.  The ALJ noted that Plaintiff

-8-

reported at the Administrative Hearing that he finds, cleans and sells items online.  Plaintiff also indicated that he can play video games and watch television.  Plaintiff lives with friends and Plaintiff can shop in stores. This range of activities supports a moderate level of limitation, as opposed to the severe limitation of isolation suggested by Murry-Hoffman and VanEstenberg.  VanEstenberg's opinions regarding interacting with others and adaptation are contradictory.  The opinion that Plaintiff requires isolation is internally inconsistent with Plaintiff's unremarkable social presentation with an examiner he just met; and is further inconsistent with the evidence as a whole.  As for Murry-Hoffman's opinion recommending the necessity of a solitary work setting for Plaintiff, the ALJ found the opinions vague and not supported by the evidence in the record.

**Analysis of Objections**

Plaintiff seeks review of only one issue:  whether the ALJ's decision should be vacated for legal error due to his failure to explain his rejection of the psychologists' opinions of Plaintiff's severe mental limitations as required under 20 C.F.R. § 416.920c.  This is the identical issue raised in Plaintiff's original Brief on the Merits.  The Court finds, therefore, that Plaintiff "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarize[s] what has been presented before."  This is not a legitimate "objection" justifying the Court's de novo review.  *Aldrich*, 327 F. Supp. 2d at 747.

Nevertheless, the Court has undertaken a conscientious review, bearing in mind that Plaintiff bears the burden throughout the process to prove disability and to show that the residual function capacity ("RFC") does not accommodate his impairments.  *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022).

Accepting Plaintiff's subjective reporting of symptoms and personal history, the Court determines that the ALJ clearly articulated why the objective evidence and record as a whole support moderate limitations as opposed to the severe work limitations of isolation and solitary settings opined by the psychological experts.  The Court further determines that the ALJ committed no legal error by considering the medical opinions unpersuasive. The two psychologists' opinions are not internally consistent with their own findings of Plaintiff's symptoms, presentation and lifestyle; and are inconsistent with other medical sources who found insufficient evidence in Plaintiff's file to render any opinion at all on his mental health.

### III. CONCLUSION

The Magistrate Judge did not err in finding that the ALJ applied proper legal standards and reached a decision supported by substantial evidence.  The ALJ properly evaluated Dr. VanEstenberg's and Dr. Murry-Hoffman's opinions of Plaintiff's mental limitations using the factors of supportability and consistency and found them unpersuasive.

Therefore, Plaintiff's Objections (ECF DKT #15) are OVERRULED; the Magistrate Judge's Report and Recommendation (ECF DKT #14) is ADOPTED; and the Commissioner's final determination denying SSI  is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: April 4, 2025**       **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**